FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 04 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRANDI SANDERS,           )
                          )
            Plaintiff,    )
                          )
     v.                   )   4:10-CV-1558 BSM
                          )
HOSTO, BUCHAN, PRATER     )   This case assigned to District Judge Miller
& LAWRENCE, PLLC,         )   and to Magistrate Judge Kearney
                          )
            Defendant.    )

## COMPLAINT

NOW COMES the Plaintiff, BRANDI SANDERS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. BRANDI SANDERS, (hereinafter, "Ms. Sanders") is an individual who was at all relevant times residing in the City of Little Rock, County of Pulaski, State of Arkansas.

5. The debt that Ms. Sanders was allegedly obligated to pay was a debt allegedly owed by Ms. Sanders to Mercantile Bank (hereinafter "Mercantile").

1

Case 4:10-cv-01558-BSM   Document 1   Filed 11/04/10   Page 2 of 6

6. The debt that Ms. Sanders allegedly owed Mercantile was for a credit card, on which charges were incurred primarily for the personal use of Ms. Sanders and/or for household expenditure.

7. Upon information and belief, Ozark Capital Corporation purchased, acquired and/or otherwise obtained the debt Ms. Sanders allegedly owed Mercantile.

8. At all relevant times, Ms. Sanders was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC, (hereinafter, "Hosto") is a law firm engaged in the collection of debt within the State of Arkansas. Hosto has its principal place of in the State of Arkansas.

10. The principal purpose of Hosto's business is the collection of debts allegedly owed to third parties.

11. Hosto regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Hosto sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Hosto acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Hosto acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV. ALLEGATIONS

15. On or about August 4, 2000, a lawsuit was filed against Ms. Sanders in the Conway Municipal Court, Arkansas, captioned as *Ozark Capital Corporation v. Brandy Suzette Sanders*, with case number 2000-617, (hereinafter, "Conway Municipal matter").

16. The aforementioned lawsuit was filed against Ms. Sanders in relation to a debt she allegedly owed to Mercantile.

17. Hosto represents *Ozark Capital Corporation* in the aforementioned Conway Municipal matter.

18. On or about November 1, 2000, an ex-parte default judgment was entered against Ms. Sanders in the Conway Municipal matter.

19. Approximately ten years later, on or about August 30, 2010, Hosto obtained a Writ of Garnishment for Ms. Sanders' employer relative to the Conway Municipal matter.

20. On or about September 16, 2010, Hosto sent a correspondence to the Clerk of the District Court of Faulkner County, Arkansas regarding a proposed garnishment order relative to the Conway Municipal matter.

21. Hosto sent a copy of the aforesaid correspondence to Ms. Sanders.

22. Prior to receiving the aforesaid correspondence, Ms. Sanders had no knowledge of the Conway Municipal Matter.

23. As a result of receiving the aforesaid correspondence and as a result of learning about the Conway Municipal Matter, Ms. Sanders initiated a telephone call to Hosto.

24. On or about September 22, 2010, Ms. Sanders engaged in a telephone conversation with Erin, a duly authorized representative of Hosto.

25. The telephone conversation was Hosto's initial communication with Ms. Sanders.

26. Hosto has not provided to Ms. Sanders, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

27. On or about October 1, 2010 and on or about October 18, 2010, Ms. Sanders' counsel sent letters to Hosto notifying Hosto that it represented Ms. Sanders with respect to the debt at issue in the Conway Municipal matter.

28. The aforesaid letters sent to Hosto provided Hosto with Ms. Sanders' counsel's contact details.

29. Upon information and belief, Hosto received the aforesaid letters.

30. On or about October 26, 2010, Ms. Sanders' counsel filed a Motion to Quash Service of Process and Vacate Judgment, on behalf of Ms. Sanders, in the Conway Municipal matter.

31. On or about October 26, 2010, Ms. Sanders' counsel sent a copy of the aforesaid Motion to Hosto.

32. Upon information and belief, Hosto received the aforementioned Motion.

33. On or about October 28, 2010, despite having previously advised Hosto, on multiple occasions, that Ms. Sanders was represented by an attorney, Hosto contacted Ms. Sanders regarding the Conway Municipal matter.

34. On or about October 28, 2010, Hosto sent a correspondence to Ms. Sanders regarding the Conway Municipal matter.

35.     Hosto further enclosed within the aforesaid correspondence a Subpoena for Ms. Sanders to appear for a deposition relative to the Conway Municipal matter.

36.     At no time has Ms. Sanders' counsel failed to respond to a communication from Hosto.

37.     Ms. Sanders' counsel did not consent to Hosto having direct communication with Ms. Sanders.

38.     In its attempts to collect the debt allegedly owed by Ms. Sanders to Mercantile, Hosto violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

    b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

    c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    d. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39.     As a result of Hosto's violations as aforesaid, Ms. Sanders has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.     JURY DEMAND

40.     Ms. Sanders hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDI SANDERS, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**BRANDI SANDERS**

By: _/s/ David M. Marco_
David M. Marco
Attorney for Plaintiff

Dated: November 1, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us